## STUTZMAN v. PAYNE *et al.*

Promissory note: BLANK INDORSEMENT FOR COLLECTION: FRAUD OF ATTORNEY. When the holder of negotiable notes, secured by mortgage, indorses the same in blank to an attorney for collection, who, in fraud of his client's rights, forecloses the mortgage ·in his own name, and obtains a decree thereon, which he afterward assigns as collateral to a creditor of his, who issues execution thereon, and buys in the mortgaged premises thereunder, which he afterward sells to innocent purchasers, such purchasers will not be disturbed in their title at the suit of the owner of the notes, who seeks to charge them with the result of his own misfortune or folly in thus indorsing the notes in blank

*Appeal from Webster District Court.*

FRIDAY, JULY 12.

FRAUDULENT USE OF NOTES, INDORSED IN BLANK, ETC.: DEMURRER TO PETITION. — In order to understand the points ruled by the court, it is only necessary to state that the plaintiff avers that, in 1860, he owned four notes made by Payne, and secured by mortgage upon certain lands; that he indorsed three of these in blank to Jewett, an attorney at law, for collection in plaintiff's name; that Jewett paid no consideration therefor, and had no authority to sue them in his own name; but in plaintiff's absence, Jewett foreclosed the mortgage, suing said notes in his own name and obtained a decree. It is also averred that Jewett was indebted to defendant Mitchell, and transferred to Mitchell, simply as collateral, the decree which he (Jewett) had obtained in his own name on plaintiff's notes, against Payne. Mitchell is charged with *notice* of plaintiff's rights. It is alleged that Mitchell issued execution on the decree in *Jewett* v. *Payne*, and bought in the land embraced in the foreclosure decree, and after obtaining a sheriff's deed, sold it to various

parties who are made defendants. The fourth note in the Payne mortgage to plaintiff was foreclosed by one Bryant, and a decree obtained which has since been transferred to plaintiff. Prayer that the decree in *Jewett* v. *Payne* be set aside; also the sheriff's sale and deed made thereunder, and all subsequent conveyances; or if the purchasers under Mitchell are entitled to be protected, then that Mitchell may account; also, that plaintiff may redeem, as the owner of the Bryant decree against Payne, from the sales under the Jewett decree, and for other relief.

Jewett answered, and the cause has not yet been heard as to him. Mitchell demurred, but his demurrer was overruled, and he does not appeal. The subsequent purchasers under Mitchell demurred to the petition, and their demurrer was sustained, and the plaintiff appeals. The other necessary facts are noticed in the opinion.

*S. Sibley* for the plaintiff (appellant).

*C. C. Nourse* for the appellees.

DILLON, J. — Plaintiff indorsed the notes to Jewett. Jewett (in fraud, as it is alleged, of plaintiff's rights) foreclosed and obtained decree in his own name. He transferred this as collateral to Mitchell. Mitchell bought in the lands at the foreclosure sale, and obtained a sheriff's deed, and afterward conveyed the same to the defendants, whose demurrer was sustained, and who are the present appellees. The petition does not charge them with any notice of the plaintiff's equities. Mitchell had a clear record title under the decree. Nothing is alleged against the *bona fides* of the appellees' purchases from Mitchell. They are innocent purchasers for aught that is averred against them. And appellant's proposition, as

*[margin note: PROMISSORY NOTE: blank indorsement for collection: fraud of attorney.]*

applied to a case like the present, that Mitchell's grantees could not take a better title than Mitchell, is not sound. Plaintiff cannot charge his misfortune or folly in indorsing notes in blank, to innocent purchasers of land under a judgment thereon obtained in the name of his attorney. He who trusts must suffer, rather than a party who has acted in good faith, and who has been guilty of no neglect or carelessness. The *Bryant* decree is not before us, and we cannot determine any question respecting it; and all rights of the plaintiff thereunder are left open. We perceive no prejudice to plaintiff in the ruling on the motion for a more specific statement. He can easily set out a copy of his indorsement of the notes to Jewett, or state a reason why he cannot. The ruling on the motion to strike out a certain allegation, cannot affect the rights of the parties, and need not be specially noticed. The cause will be remanded for further proceedings.

Affirmed.